```
         IN THE UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

                         HUNTINGTON


DAVID LEE CRUMBY,

      Movant,

v.                                  Case No. 3:06-cv-00918
                                    Case No. 3:05-cr-00144-01

UNITED STATES OF AMERICA,

      Respondent.
```

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court is Movant's Motion to Vacate, Set Aside and Correct Sentence, pursuant to 28 U.S.C. § 2255 (docket # 52), which was filed on October 30, 2006. By Order entered August 25, 2010 (# 64), this matter was referred to the undersigned to make proposed findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(B).

## FACTS AND PROCEDURAL HISTORY

These facts are taken from the presentence investigation report ("PSR"). On July 6, 2005, one week after his discharge from a 14-day involuntary commitment at a mental hospital, Movant, David Lee Crumby (hereinafter "Defendant"), entered a bank and passed a note to the teller which read, "This [is] a robbery, I have a gun, so don't be foolish, Don't press no buttons until I leave, Just hand me the money and I'm gone." (PSR, ¶¶ 8, 43, at 4, 11.) The proceeds from the robbery totaled $980.00, of which all but $44.05

was recovered. Id. ¶ 8. Defendant was arrested approximately two hours after the robbery. Id. Defendant told the probation officer that he was diagnosed at the hospital as bipolar II and reported a long history of depression and bipolar difficulties. Id. ¶ 43.

Defendant was arrested, detained and indicted in short order (## 1-12). He was represented by Federal Public Defender Mary Lou Newberger through his guilty plea, sentencing, and filing a notice of appeal (## 23-35).

On November 14, 2005, Defendant was sentenced by the presiding District Judge to serve 140 months in prison, to be followed by a three year term of supervised release, upon his guilty plea to bank robbery, in violation of 18 U.S.C. § 2113(a). (Judgment Order entered November 14, 2005, # 33).

On November 17, 2005, W. Michael Frazier was appointed to represent Defendant (# 38). There is no explanation in the case file as to why this occurred; it appears that Defendant's post-sentencing debriefing raised a conflict of interest for the Federal Public Defender. Letters attached to Defendant's § 2255 motion indicate that Defendant and Mr. Frazier were hopeful that the debriefing would result in the United States filing a motion to reduce Defendant's sentence due to his substantial assistance to law enforcement. His appeal was dismissed (# 48); no motion to reduce his sentence was filed.

## GROUNDS FOR RELIEF

In his § 2255 motion, Defendant raises four grounds for relief

as follows:

>Ground one: Loss of primary caregiver. I am my mother's only child. Mother had to be placed in the nursing home on September 7, 2006. At age 81, she needs more constant care. For this reason, the sentence should now be modified.[1]
>
>Ground two: Ineffective assistance of counsel. Prior to my plea, I was to be debriefed by federal agents. This never occurred. My attorney told me that I'd be debriefed at a later date and I'd receive a "Substantial Assistance" motion from the U.S. Attorney. I appealed my sentence pending debriefing. When I was debriefed, I agreed to dismiss my appeal because it was my understanding that a reduction of sentence would be forthcoming. Therefore, I was deliberately mislead. (See attached.)[2]
>
>Ground three: Failure of the Court to establish, through mental evaluation, Defendant's competency and mental capacity. Defendant was released from Mildred Mitchell Bateman State Hospital (a mental health facility in Huntington, WV) exactly one week prior to alleged crime. Therefore, Defendant's mental competency should have been evaluated by a professional. Defendant has an extensive history of mental problems which are well documented.
>
>Ground four: Court's use of prior record was improperly calculated. Defendant's sentence in November, 2003 [sic; December 2, 1993] constituted one sentence because sentencing judge combined all charges and ran them concurrent, or as one. All other priors were before the 15 year limit. Defendant's 1990 <u>conviction</u> was before the limit. Defendant pleaded guilty and the judge accepted this plea in June of 1990. Sentencing was deferred pending probation office report. However, conviction occurred when judge accepted guilty plea. Therefore, Defendant was wrongfully subjected to enhanced punishment.

---

[1] In a subsequently filed document, Defendant advised that his mother passed away on December 31, 2007, rendering this ground for relief moot. (# 62, at 1.)

[2] The attached letters establish that Defendant offered information to law enforcement and was debriefed during December, 2005.

(# 52, at 5-9.)

On November 22, 2006, the United States filed a Response which states that it "will not oppose a limited award of collateral relief sufficient to allow defendant an opportunity to file a direct appeal of his conviction and sentence." (# 56, at 2.) The Response indicates that Defendant provided information to law enforcement but it did not lead to any arrests and thus no substantial assistance motion was filed. The government concludes that "the interests of justice and judicial economy would best be served by granting the motion for collateral relief for the limited purpose of allowing defendant to raise his various challenges to his conviction and sentence on direct appeal . . .." Id. at 3.

On December 18, 2006, Defendant filed a reply which asks that a sentencing hearing be conducted. (# 58, at 1.) He wished to present information and argument on his mental state. With respect to his prior record, he contends that from July of 1990 through July of 2005, he was sentenced only once, on November, 1993, with all sentences run concurrently. Id. at 2.

On March 30, 2009, Defendant filed a document[3] in which he offers to settle this matter as follows:

- Resentence Defendant in absentia or through video conference (because he was assaulted by other inmates when previously transported).
- Accept Defendant's prior record as reflecting only one prior conviction fifteen years before the instant charge, thereby

---

[3] This document was docketed as a "Supplemental Motion," but it is a proposed settlement.

        justifying a reduced sentence.
- Resentence Defendant to 120 months with post-release supervision, fine and other costs remaining the same.
- Any further action this Court deems appropriate.
- Defendant would waive all rights to appeal, future claims, or future actions. This would also include any claim for downward departure based upon Movant's cooperation with law enforcement agencies.

(# 62, at 3-4.)

## ANALYSIS

<u>Alleged Ineffective Assistance of Counsel</u>

In <u>United States v. Peak</u>, the United States Court of Appeals for the Fourth Circuit held that "a criminal defense attorney's failure to file a notice of appeal when requested by his client deprives the defendant of his Sixth Amendment right to the assistance of counsel, notwithstanding that the lost appeal may not have had a reasonable probability of success." 992 F.2d 39, 42 (4th Cir. 1993). The appropriate remedy in such a case involves vacating the original Judgment Order and re-entering it, to restore the movant's right to appeal.

The Supreme Court of the United States modified this rule somewhat in <u>Roe v. Flores-Ortega</u>, 528 U.S. 470 (2000). In that case the Court held:

> [C]ounsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing. * * *
>
> [W]hen counsel's constitutionally deficient performance

> deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal. * * *
>
> We similarly conclude here that it is unfair to *require* an indigent perhaps *pro se*, defendant to demonstrate that his hypothetical appeal might have had merit before any advocate has ever reviewed the record in his case in search of potentially meritorious grounds for appeal. Rather, we require the defendant to demonstrate that, but for counsel's deficient conduct, he would have appealed.

528 U.S. at 480, 486. [Emphasis in original.] The Fourth Circuit followed the Flores-Ortega holding in United States v. Witherspoon, 231 F.3d 923 (4th Cir. 2000). In Miller v. United States, 150 F. Supp.2d 871, 880 (E.D.N.C. 2001), the court interpreted Witherspoon to "strongly suggest[] that advice about appeal should be given after sentencing."

It appears that Defendant's appeal was not pursued because Defendant and his then-attorney, Mr. Frazier, hoped that he would receive the benefit of a motion to reduce sentence. There is no information in the record as to whether the United States or law enforcement made any promises to Defendant concerning the value of his debriefing. The United States does not oppose the usual Peak remedy of vacating the Judgment in a Criminal Case, and re-entering it in order to re-start the appeal period.

The undersigned proposes that the presiding District Judge **FIND** that under the circumstances, and in the absence of opposition from the government, it is appropriate for Defendant to be able to pursue a direct appeal.

Mental Capacity

Defendant's guilty plea hearing and sentencing hearing have not been transcribed; thus the undersigned has no indication of the extent to which Defendant's mental health history was developed. The only information in the PSR is reported by Defendant; there is no indication that the probation officer sought access to Defendant's mental health treatment at Mildred Bateman Hospital.

Prior Criminal History

The PSR indicates that on August 6, 1990, Defendant pled guilty to two counts of burglary committed on June 21, 1990 in Alabama. (PSR, ¶ 30, at 7-8.) The date on which sentence was imposed is not provided. Id. The sentence was three years on each count, to be served concurrently. Id. Defendant was paroled on October 21, 1991. Id. The three criminal history points for this conviction were properly counted because the sentence was imposed "within fifteen years of the defendant's commencement of the instant offense." USSG § 4A1.2(e)(1). Defendant's assertion that the three points should not have been counted because he was convicted more than fifteen years before July 6, 2005, is in error.

Defendant was sentenced as a career criminal pursuant to USSG § 4B1.1, based on a series of burglary convictions in Mississippi for which he was sentenced on December 2, 1993. (PSR, ¶¶ 31-36, at 7-9.) The sentences on all the convictions was ten years, concurrent. Id. The PSR does not indicate the dates of arrests on the burglary charges; it only lists the dates of the offenses. Id.

Three criminal history points were attributed to burglaries in Pontotoc County, three points for burglaries and larcenies of residences (habitual) in Lee County, and three more points for burglaries and larcenies of residences (habitual) in Itawamba County. Id. He was discharged from all the sentences on September 7, 2002. Id.

It is plain that the sentence for the Mississippi convictions was "imposed within fifteen years of the defendant's commencement of the instant offense." USSG § 4A1.2(e)(1). It is not clear as to whether there were intervening arrests, triggering the requirement that the prior sentences be counted separately. USSG § 4A1.2(a)(2).

It is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** Defendant's § 2255 motion. Ordinarily, the undersigned would recommend that the presiding District Judge simply vacate the Judgment and immediately re-enter it, so as to re-start the appeal period. In light of the long period that this action has been pending, and the lack of information relating to Defendant's mental health at the time of the offense and the method of computing his criminal history category, it appears to be appropriate to appoint counsel to represent Defendant, to obtain information regarding Defendant's mental health treatment at Mildred Bateman Hospital and while in custody, to review his behavior in custody, to review his prior criminal history to insure that the computation is correct,

and to schedule a re-sentencing.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on the United States Attorney, Judge Chambers, and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Defendant and to counsel of record.

  August 25, 2010                                    *Mary E. Stanley*
       Date                                          Mary E. Stanley
                                               United States Magistrate Judge